FILED

2023 May-31  PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **GRAY CASUALTY** | ) |
| **AND SURETY COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 5:22-cv-678-LCB** |
| | ) |
| **FSA TRUCKING, INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## <u>OPINION & ORDER</u>

Gray Casualty and Surety Company brings this suit under the Federal Interpleader Act.[1] In October 2022, the Clerk of Court entered default against 116 interpleader defendants that have failed to answer or otherwise assert an interest in this suit. (Docs. 77–107, 113).[2] Gray now moves for default judgment against those

---

[1] (Doc. 1 at 1, 35). The Federal Interpleader Act consists of three separate statutory provisions: 28 U.S.C. § 1335 (pertaining to subject matter jurisdiction), § 1397 (pertaining to venue), and § 2367 (pertaining to service of process and the injunction of rival suits against the stake).

[2] The defaulted interpleader defendants are: 4G Express, LLC; A&L Logistics Group, Inc.; ACR Logistics, Inc.; AG Express Line, Inc.; Aladdin Financial, Inc. (FR8Pay); Allroad Logistics, Inc.; Alkaline Express, Inc.; American Transport, Inc.; Andi Group Trucking, Inc.; Apex Capital Corp.; ASA Claims Administration; Atlasib Inc. d/b/a Route One Specialized; Barlas Transportation, LLC; Bayer Transport, LLC; BC Factoring, LLC d/b/a Bridge Capital Business Services; B.C. Freight, Corp.; BeeMac Logistics, LLC; Behne, Inc.; Big Tiger Transport, LLC; Buchanan Hauling & Rigging, Inc.; Calles Trucking, LLC; Camel Transport, Inc.; Carrier One, Inc.; CB Logistics, LLC; Century Finance, LLC; Compass Funding Solutions, LLC; CoreLogic Credco, LLC; Deluxe Transportation, Inc.; D-Evine, Inc.; DM Carrier Corp.; Drone Transportation, Inc.; EGL Logistics; Elephant Express, Inc.; Engaged Financial, LLC; Express Logistics Professionals, Inc.; F&J Trucking, LLC; Freedom Truck Line, LLC; G4 Innovations, LLC; Gap Global, Inc.; Gezlev, Inc.; Global Trucking, LLC; Gold US Transportation, Inc.; Greenline Express, Inc.; Grove Logistics, Inc.; GS Transport, Inc.; GTI Transport, LLC; Gulf Stream Transportation, Inc.; Hinkle

defendants under Federal Rule of Civil Procedure 55. (Doc. 125 at 1). For the reasons below, the Court grants Gray's motion.

## I.      BACKGROUND

This is an interpleader action.[3] In its complaint, Gray alleges that it issued a "Broker's or Freight Forwarder's Surety Bond" on behalf of FSA Trucking, Inc. (Doc. 1 at 35–36). Gray also alleges that the bond had a maximum value of $75,000 and that several claims, totaling $484,673, have been made against the bond. *Id.* at 36. Accordingly, Gray filed this suit against FSA Trucking and 168 potential bond claimants under the Federal Interpleader Act, and deposited the disputed funds

---

Transport, LLC; IKO Express, Inc.; Interstate Freight Solutions, LLC; iThrive Funding; J&P Logistics, Inc.; JKAF Development, LLC; JRS Logistics, LLC; Kavkaz Express, LLC; Keen Cargo, Inc.; KNS Logistics Group, Inc.; K&S Transport, LLC;Kurtex Logistics, Inc.; LED Trucking, Inc.; Leo's Express, LLC; Leon Ray Martin Excavating, Inc.; Lg Carr Deliveries, LLC; Love's Solutions, LLC; MAS Transport, Inc.; Max Freightlines, Inc.; McDowell Factor & Capital Services, LLC; MDM Transport, LLC; MHC Transport, LLC; Mitchell Hauling, LLC; ML Concepts, LLC d/b/a MJG Hauling; MMT d/b/a Major Moves Transportation Co.; MnAlan Trucking Corp.; Next Day Funding, Inc.; NHH Services, LLC; NVA Transportation, Inc.; OCMC Trucking, Inc.; Phantom Trucking, Inc.; Plett Transport, LLC; P.L.R. Transport, Inc.; Pro Funding, Inc.; Project Transport, LLC; Quintosa Transport Hotshot, LLC; R and P Trucking, LLC; RDS &Trans, LLC; RLMP Logistics; RMH Logistics, Ramar Transportation, Inc.; Ray Luth Transportation, LLC; Reinsfelder, Inc.; Route One, LLC; RTS Financial Service, Inc.; SAAV Logistics, Inc.; SAR Express, LLC; Scale Up Transport; Schamburg's Trucking, LLC; Schroder Expedite, Inc.;SDV Express, LLC; SFC Signature Freight Carriers, Inc.; Shocker AG Services, LLC; Silver Creek Carriers, LLC; Single Point Capital; Square One Transport, LLC; SRG Transport, Inc.; Starlight Express, Inc.; Strategic Trucking Services Corp.; SV Express, Inc.; TAFS, Inc.; TKC Transport, LLC; Top Care Services, LLC; Trans Recovery Solutions, LLC; Trucking Partners, LLC; US Exp – Trucking Incorporated; Wilmore Trucking, Inc.; Zipline Express, LLC; and Zues, LLC.

[3] An interpleader action "is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).

($75,000) into the registry of the Court. *Id.* at 1, 35–36. One hundred and sixteen named claimants subsequently failed to answer Gray's complaint or assert an interest in the funds, prompting Gray to initiate the instant default proceedings. (Doc. 120 at 1, 7); (Doc. 125 at 1, 7).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a three-step process for obtaining a default judgment against a party who fails to answer or otherwise defend against suit. First, the clerk of court must enter default against the defendant. FED. R. CIV. P. 55(b)(2). Second, the plaintiff must move for default judgment in the district court. *Id.* Third, the district court must find that the plaintiff's claim is facially plausible. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam). A claim is facially plausible when it raises "'a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## III.   DISCUSSION

Gray moves for default judgment against the 116 interpleader defendants that have failed to appear or assert an interest in this suit. (Doc. 120 at 1). The record reflects that the defaulted defendants have been served process. (Docs. 14–17, 18, 22, 27, 29, 31, 33–35, 37–39, 48, 55–56, 58, 60). The record also shows that the

Clerk of Court has entered default against them. (Docs. 77–107, 113). Accordingly, the sole issue is whether Gray's claim is facially plausible.

The Federal Interpleader Act requires three showings: (1) the person, firm, or corporation filing the action "issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more"; (2) two or more adverse claimants are of diverse citizenship, i.e., citizens of different states; and (3) the plaintiff has paid the disputed funds into the registry of the court. 28 U.S.C. § 1335(a). A reviewing court may enter default judgment against any interpleader defendant who fails to answer the complaint and assert an interest in the disputed funds. *E.g.*, *BBVA USA Bancshares, Inc. v. Bandy*, 2020 WL 3104594, at *3 (N.D. Ala. June 11, 2020); *Protective Life Ins. Co. v. Tinney*, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015).

Gray alleges that it issued a $75,000 surety bond on behalf of FSA Trucking, Inc. (Doc. 1 at 35–36). According to Gray, several claims, totaling $484,673, have been made against the bond, and the defaulted defendants, at least two of which are citizens of different states, are potential claimants. *Id.* at 1–2, 35–36. Facing claims in excess of the bond's value, Gray filed this action and deposited the disputed funds ($75,000) into the Court's registry. *Id.* at 1, 36. Against this backdrop, the Court finds that Gray pleads a facially plausible statutory interpleader claim and, as a result, is entitled to judgment against the defaulted defendants.

## IV.   CONCLUSION

The Court therefore **GRANTS** Gray's amended motion (Doc. 125) and
**ENTERS** default judgment against the defaulted defendants[4] under Federal Rule of
Civil Procedure 55(b). The Court will enter a final default judgment by separate
order.

> **DONE** and **ORDERED** May 31, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[4] For a list of the defaulted interpleader defendants, see *supra* note 2.